UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CORY JAMES JORDAN, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 4:13-CV-3357 |
| § | |
| WILLIAM STEPHENS, *et al*, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Petitioner Cory James Jordan has filed a petition for a writ of habeas corpus challenging his conviction for the offense of possession of marijuana. (Docket No. 1.) Respondent Michael Enax has filed a motion for summary judgment (Docket No. 12), to which Petitioner has filed a response (Docket No. 13). After reviewing the pleadings, the record, and the applicable law, the Court grants summary judgment in Respondent's favor and denies the petition. The Court will not certify any issue for consideration by the Fifth Circuit Court of Appeals.

## BACKGROUND

Petitioner seeks federal habeas corpus relief from a judgment and sentence of the County Court at Law Number Two of Fort Bend County, Texas, in Cause Number 10-CCR-149194. On April 27, 2010, the State of Texas charged Petitioner with knowingly and intentionally possessing a usable quantity of marijuana. A Texas state appellate court summarized the facts leading to Petitioner's conviction as follows:

> At approximately 3:21 a.m. on March 14, 2010, Deputies K. Upton and S. Lacy, both of the Fort Bend County Sheriff's Department, were parked in their respective marked patrol cars in the middle of a cul-de-sac at Cinco Park Place Drive in Fort Bend County, Texas. Their cars were facing in opposite directions with their driver's sides parallel to each other. Both deputies testified that they were finishing up paperwork and that the cul-de-sac was a usual place to conduct such activity.

Upton, who was facing towards the street entrance of the cul-de-sac, noticed a car driven by [Jordan] and containing one passenger approach.  Lacy, who was parked in the opposite direction towards the back of the cul-de-sac, also noticed [Jordan's] car approach.  Both deputies testified that [Jordan] passed Lacy's patrol car on his right, drove to the back of the cul-de-sac, and went down a gravel path that extended beyond the paved cul-de-sac.  According to Upton and Lacy, down that gravel path there were a YMCA facility and a water treatment facility, both which were closed at that time of night.

[Jordan], according to Lacy, then drove down the gravel path toward a locked gate, stopped, backed out into the cul-de-sac, and turned around.  Contemporaneously, Upton decided to swing his patrol car around so that he and Lacy were both facing the entrance of the gravel path.  At that point, both marked patrol cars were facing [Jordan's] car.  Their emergency lights were not activated.  Both officers testified that they were 20 to 30 feet away from [Jordan] in the cul-de-sac, and that they were not blocking his exit from the cul-de-sac.  Upton testified that, if [Jordan] had decided to just drive around them, Upton probably would have done nothing.  Lacy testified that there "was plenty of room between [his] vehicle and the outside part of this cul-de-sac, which [[Jordan]] could have continued it around and on out down Cinco Park."

According to the testimony of both deputies, Upton, and then Lacy, got out of their cars and walked toward [Jordan].  There was disputed testimony between the officers about whether [Jordan] stopped his car before or after they got out of their patrol units.  Both officers agreed, however, that they never told or signaled to [Jordan] that he should stop.

Upton, followed by Lacy, walked toward [Jordan's] car.  As Upton got to within 4 to 5 feet of the car, [Jordan] rolled down his driver's side window.  Upton testified, "I didn't ask them to roll down the window.  He did that on his own."  He then asked, "How are you doing today?  Everything all right?"  Upton said that he could then smell the distinct odor of burned marihuana.  Upton testified that once he smelled marihuana, the encounter changed from a "check welfare" to an investigation.

Upton then walked back to his own patrol car, turned on his video/audio recording device, and then returned to [Jordan's] car.  Upton then told [Jordan] and the passenger to get out of the car.  Even though he felt that he had probable cause, Upton requested consent to search [Jordan's] car for contraband, to which [Jordan] agreed.

While Upton was searching the car, Lacy, who had been standing at the driver's left side quarter panel of [Jordan's] car along with [Jordan] and the passenger, decided to pat [Jordan] and the passenger down for weapons and had both individuals put their hands on the hood of [Jordan's] car.  Lacy also testified that

> he felt he had probable cause to search [Jordan].  During the pat-down, Lacy reached into [Jordan's] left front pants pocket and pulled out a plastic bag containing what he believed to be marihuana, which he then tossed onto the hood of [Jordan's] car.  Upton also found marihuana in between the passenger seat and the center console of the car.

*Jordan v. State*, 394 S.W.3d 58, 59-60 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd).

Petitioner filed a motion to suppress arguing that (1) the police did not have reasonable suspicion to detain Petitioner and (2) the police lacked probable cause to search Petitioner's person.  The trial court held a hearing and, after the parties presented evidence and testimony, denied Petitioner's suppression motion.  At trial, Petitioner again challenged the legal basis for the stop, search, and seizure.  The trial court did not suppress the challenged evidence.

A jury found Petitioner guilty.  The parties agreed on a punishment of 180 days imprisonment, probated for 18 months, and a $100 fine.  Petitioner unsuccessfully appealed his conviction.  *Jordan v. State*, 394 S.W.3d 58 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd).  And, the Texas Court of Criminal Appeals subsequently refused a petition for discretionary review.

Petitioner is represented by counsel in these proceedings.  Petitioner's federal habeas petition raises two grounds for relief: (1) "whether or not the trial court erred by denying [his] motion to suppress evidence that [he] was not detained by law enforcement but rather submitted to a consensual encounter," and (2) "whether or not the trial court erred by denying [his] motion to suppress evidence that [his] rights were violated by searching [his] pocket without probable cause."  (Docket No. 1 at 3.)

## ANALYSIS

Petitioner's only grounds for federal habeas relief assert that police officers violated the Fourth Amendment by detaining Petitioner without reasonable suspicion or probable cause and

then subjected him to an unconstitutional search and seizure. Petitioner asserts that evidence from this encounter should not have been used against him at trial. Respondent moves for summary judgment asserting that Petitioner's claims are barred from federal review.

Federal habeas corpus provides a limited review of the state criminal process. The United States Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976) (footnote omitted). "If a state provides the processes whereby a defendant can obtain full and fair litigation of a fourth amendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes." *Id.*; *see also ShisInday v. Quarterman*, 511 F.3d 514, 524 (5th Cir. 2007); *Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002). The Fifth Circuit has held that "full and fair consideration requires consideration by the fact-finding court, and at least the availability of meaningful appellate review by a higher state court." *O'Berry v. Wainwright*, 546 F.2d 1204, 1213 (5th Cir. 1977). If the state court record reflects that the petitioner's opportunity to challenge the introduction of evidence was "not circumscribed," a federal habeas court will not "scrutinize a state court's application of fourth amendment principles." *Billiot v. Maggio,* 694 F.2d 98, 100 (5th Cir. 1982). The *Stone* bar "applies to all claims arising under the Fourth Amendment," including challenges to an arrest or the seizure of evidence. *Hughes v. Dretke*, 412 F.3d 582, 596 (5th Cir. 2005).

Here, the record reflects that the constitutionality of the challenged police stop, search, and seizure were fully and fairly litigated in the State courts, both in a suppression hearing during trial and on direct appeal. Petitioner does not argue that his opportunity in the state courts

to challenge the admissibility of evidence under the Fourth Amendment was circumscribed in any way. Nor has he alleged that "the processes provided by the state to fully and fairly litigate Fourth Amendment claims are routinely or systematically applied in such a way as to prevent the actual litigation of Fourth Amendment claims on their merits." *Williams v. Brown,* 609 F.2d 216, 220 (5th Cir. 1980). Absent such allegations, consideration of the merits of Petitioner's Fourth Amendment claims here would violate the conviction underlying *Stone*, that the state courts are as competent as the federal courts in ensuring that federal constitutional rights are protected. *O'Berry*, 546 F.2d at 1217. Because *Stone v. Powell* conclusively forecloses federal review of the claims raised in the instant petition, Respondent is entitled to summary judgment.

## CERTIFICATE OF APPEALABILITY

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) prevents appellate consideration of a habeas petition unless the district or circuit courts certify specific issues for review. *See* 28 U.S.C. § 2253(c); FED. R. APP. PRO. Rule 22(b). Although Petitioner has not yet requested that this Court grant him a Certificate of Appealability ("COA"), the Court can consider the issue *sua sponte*. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A court may only issue a COA when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Because definitive and binding precedent forecloses relief on Petitioner's claims, the Court will not issue a Certificate of Appealability from this decision.

Accordingly, it is hereby ORDERED that:

1. Respondent's motion for summary judgment (Docket No. 12) is GRANTED;

2. the instant Petition for a writ of habeas corpus (Docket Nos. 1) is DENIED;

3. a Certificate of Appealability from this decision is DENIED; and,

4. all other pending motions, if any, are DENIED.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, this 20th day of March, 2015.

                                          MELINDA HARMON
                                UNITED STATES DISTRICT JUDGE